

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 8, 1951

Hon. Otto P. Moore, Sr.　　　　　Opinion No. V-1302
County Attorney
Colorado County　　　　　　　　　Re: Legality of reservation of
Columbus, Texas　　　　　　　　　　　minerals by a county upon
　　　　　　　　　　　　　　　　　　　　sale of land which the county
Dear Mr. Moore:　　　　　　　　　　　bought in at a tax foreclosure.

　　　　　You request the opinion of this office upon the ques-
tions presented in your letter, which is copied in part as follows:

　　　　　"I hereby request an official opinion on the fol-
lowing questions:

　　　　　"1. Can Colorado County, as a purchasing tax-
ing unit, after the expiration of the redemption period
plus six months, sell the surface only and retain the
minerals of a tract of land which was bought in by the
County at a tax foreclosure sale?

　　　　　"2. If the County can retain the minerals under
such tract, then what interest, if any, would the State
have in such minerals (the State being the only other
taxing unit involved) after the surface is sold and the
State's pro rata share of the proceeds have been paid
to the State?

　　　　　"3. If the first question is answered in the nega-
tive, then can the County, or the County and State to-
gether, after the expiration of the redemption period
plus six months, execute a valid mineral lease on such
a tract of land which was bought in by the County at a
tax foreclosure sale, instead of selling such tract?

　　　　　"4. If the County, or the County and State togeth-
er, can execute a valid mineral lease on such a tract of
land, what would be the respective shares of the County
and the State in the bonus and delay rentals of such a
lease?

　　　　　"The facts are as follows: In 1939, Colorado
County instituted suit for the collection of taxes delin-
quent against a 93 acre tract of land. The State was
made a party to the suit; there was no other political

subdivision involved. The suit was prosecuted to judgment, order of sale was issued, and at the sale thereunder in 1940 the tract was bought in by Colorado County and has been held by the County since that time. The County now wishes to sell the surface only of this tract, retaining all minerals. The surface is grazing land, and we can reasonably expect the sale of the surface only to bring considerably more than the taxes, penalties, interest and court costs against the land. The excess proceeds over such taxes, penalty, interest and court costs would be divided between the State and the County pro rata and in proportion to the amounts of their tax liens. The land is not in a productive mineral area, and is not now under a mineral lease; however, it is believed that a mineral lease on this land can be sold if same is advertised for leasing."

Under the facts submitted by you, Colorado County became the purchasing taxing unit, and as such is vested with authority to make a second sale. Section 9 of Article 7345b, V.C.S., reads in part as follows:

"If the property be sold to any taxing unit which is a party to the judgment under decree of Court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit . . ."

This section of Article 7345b prescribes the procedure to be followed by the purchasing taxing unit in making a second sale of the property so purchased for the benefit of all the taxing units which were parties to the suit and judgment. The collection of delinquent taxes and the enforcement of the constitutional and statutory lien to secure the payment thereof is exclusively statutory. This section of the statute further provides:

" . . . and the purchaser of the property at any such sale shall receive all of the right, title and interest in said property as was acquired and is then held by said taxing unit under such tax foreclosure sale to it; . . ."

It is thus clearly provided by statute that all of the right, title, and interest in said property is to be conveyed by the taxing unit and acquired by the purchaser. This precludes the retention by the selling taxing unit of any mineral interest in the land. We agree with you that the answer to your first question is in the negative. This conclusion renders unnecessary an answer to your second question.

We now pass to your third question, which raises the authority of the purchasing taxing unit, either alone or in conjunction with the other taxing units involved in the suit and judgment, to execute a mineral lease to the lands so purchased at such tax foreclosure sale by the taxing unit. A careful reading of all of the provisions of Article 7345b, V.C.S., and other statutes that are cumulative thereto, discloses that there is no statutory authority for the purchasing taxing unit, alone or in conjunction with the other interested taxing units, to execute a mineral lease upon the property purchased at tax foreclosure sale. We agree with you that under present laws there is no authority except to sell, and then as pointed out in our answer to your first question, all right, title, and interest in said property held by the taxing unit for itself and for the benefit of the other taxing units must be sold. Therefore, your third question should be answered in the negative. This eliminates the necessity of answering your fourth question.

## SUMMARY

The purchasing taxing unit in a tax foreclosure sale, either alone or in conjunction with the other interested taxing units, has no authority to sell the surface and retain the mineral rights in the land so purchased and sold or to execute a mineral lease upon such land. The only authority granted under present laws is to sell all the right, title, and interest which the purchasing unit for itself and as trustee for the other interested taxing units has in said property. Art. 7345b, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

By

L. P. Lollar
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

LPL/mwb